THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **NOAH BANK and EDWARD SHIN** a/k/a **EUNGSOO SHIN**, <br><br> Plaintiffs, <br> v. <br><br> **SUNDAY JOURNAL USA CORPORATION**, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 18-1413-WB <br> ) <br> ) DECLARATION OF EDWARD SHIN <br> ) IN SUPPORT OF APPLICATION <br> ) FOR DEFAULT JUDGMENT |

Edward Shin (a/k/a Eungsoo Shin), pursuant to 28 USC 1746, states as follows:

(1) I am the President and CEO of defendant, Noah Bank, a Pennsylvania chartered bank, and I am also an individual defendant in this action. I have personal knowledge of the facts contained in this declaration.

(2) I have been in the banking business for more than 25 years.

(3) In 2004, I became the CEO of Royal Asian Bank ("RAB"), which was formed that same year as a subsidiary of a larger Pennsylvania banking entity.

(4) RAB operated primarily in Pennsylvania where it had several branch offices, and focused on servicing the local Korean communities.

(5) As a result of certain language issues, RAB began very early on to refer to itself as "Noah." 2004 after a public contest, with the winning entry as: 노아, NOAH, which then became the bank's trade name.

(6) On December 30, 2010, I led a group of investors that bought RAB.

(7) On March 23, 2011, the State of Pennsylvania approved RAB's use of the names "Royal Asian Bank" and "Noah Bank." RAB then officially changed its name to "Noah Bank"

on June 1, 2011.

(8) I have been the President and CEO of Noah Bank continuously since its inception.

(9) Noah Bank has operated successfully since its founding and has enjoyed an excellent reputation for its banking services since its inception, until its reputation was attacked by Sunday Journal.

(10) During 2017, Noah Bank began negotiations with a California-based entity under which all of the stock of Noah Bank would be purchased at a substantial premium over its market price.

(11) A letter of intent was signed, and a price tentatively set for the purchase that represented, in my estimation, a 25% premium over the fair market value of the Noah Bank stock.

(12) In addition, I was personally to hold a lucrative executive position with the combined company.

(13) Between April and November 2017, the Defendant, Sunday Journal, published a series of articles which are summarized in the complaint in this action, accusing Noah Bank and me of various crimes and derelictions of duties to our shareholders, along with defamatory statements about me concerning alcohol consumption.

(14) The impact of these articles was felt almost immediately in Pennsylvania, where the negotiations for the sale of the bank stock began to stall.

(15) Finally, the Chairman of Noah Bank, a key negotiator of the purchase, reported to me that the chairman of the buying entity had expressed his concerns that there were ongoing rumors and coverage in the Korean community press indicating that I had acquired a bad reputation in the community and was reporting that I had committed

various bad acts. The chairman of the purchasing entity reported that as a result of these reports, that I would not be offered the employment at the merged entity after any sale was consummated.

(16)    Shortly thereafter, the negotiations broke off completely due to these reputational issues, and the buying entity began pursuing other opportunities, eventually purchasing a bank similar in size to Noah Bank.

(17)    I cannot disclose to the Court the names of the other entities, as all negotiations were subject to a confidentiality agreement that remains in force.

(18)    The 25% premium Noah Bank would have received would exceed $15,000,000 in profit for Noah Bank and its shareholders.

(19)    In addition, my personal loss of salary, bonus, and benefits for the position I was precluded from acquiring would exceed $2 million.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____
Edward Shin

Dated: June 7, 2018