THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH BANK, and ) <br> EDWARD SHIN ) <br> a/k/a EUNGSOO SHIN ) <br> ) <br> Plaintiffs ) <br> vs. ) <br> ) <br> SUNDAY JOURNAL USA CORPORATION, and ) <br> Y & L MEDIA, INC. ) <br> ) <br> Defendant ) | Civil Action No. 18-01413-WB |

**DEFENDANT'S MOTION TO DISMISS**
**THE PLAINTIFFS' FIRST AMENDED COMPLAINT**

Now come the Defendants, Sunday Journal USA Corporation (SUNDAY JOURNAL), and Y & L Media, Inc. (Y&L), appearing specially via counsel, and move this Honorable Court to dismiss the Plaintiffs' First Amended Complaint. In support hereof, Defendants state the following:

**I.    BACKGROUND**

Plaintiffs allege (Count I) defamation and (Count II) false light. Plaintiffs' claim jurisdiction based upon diversity and, because Plaintiffs' erroneously claim defamatory statements were published in Pennsylvania. Plaintiffs' also allege venue to be proper by, again erroneously, claiming a substantial portion of events occurred in this District.

NOAH BANK, a banking institution, (hereafter "BANK") and EDWARD SHIN a/k/a EUNG SOO SHIN, an individual, (hereafter "SHIN) assert residence in Pennsylvania. The Defendant, Sunday Journal USA Corporation (hereafter "SUNDAY JOURNAL") was a California corporation, formed on or about May 14, 2003. Upon information and belief, based on a review of the California Secretary of State's website lists its corporate status as "suspended".

A similar search of the California Secretary of State's website shows that, on or about February 3, 2003, an amendment to the Articles of Incorporation of Snova, Inc., changed the name of the corporation to Y & L Media, Inc.

The Plaintiffs' First Amended Complaint (FAC) should be dismissed be dismissed for the following reasons:

1] The allegedly offending articles are not attached to the First Amended Complaint, nor any translations of said articles. Plaintiffs' simply list statements they allege to

false. Therefore, FAC is defective and should be dismissed.

2] SUNDAY JOURNAL is not properly subject to the jurisdiction of this court.

2] Y&L is not properly subject to the jurisdiction of this court.

3] Service of process is non-existent and/or defective;

4] The Plaintiffs are public and/or quasi-public figures and have not properly plead mandatory pre-requisites for asserting libel or slander of a public figure or quasi-public figure.

5] Plaintiff's counsel fails to list a Pennsylvania address for service, whether bona fide office or virtual and, instead, lists only a New York address.

## II. STANDARD OF REVIEW

'To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004))

*Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 925 F. Supp. 1119, at 1122

(USDC - Western District, PA - 1997) held, "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. *Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F2d. 1217, 1233 (3rd. Cir. 1992) (citing *Carteret Savings Bank v. Shushan*, 954 F2d. 141 (3rd. cir. 1992), cert denied 506 U.S. 817, 113 S. Ct. 61, 121 L.Ed. 2d. 29 (1992). The plaintiff meets this burden by making a prima facie showing of "sufficient contacts between the defendant and the forum state." *Mellon East*, 960 F2d. At 1233 (citing *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc*. 819 F2d. 434 (3rd Cir. 1987)

**III.   NEITHER SUNDAY JOURNAL OR Y&L ARE PROPERLY SUBJECT TO THE JURISDICTION OF THIS COURT**

SUNDAY JOURNAL and Y&L have insufficient contacts with Pennsylvania to be properly subject to the jurisdiction of this court. Nor are there systematic or continuous activities, or other minimum contacts, in the forum state which might otherwise support jurisdiction.

Plaintiff's Complaint alleges defamation / libel, which is not a federal question. Plaintiffs make no allegation which constitutes a federal question. Their sole basis for alleging jurisdiction is diversity.

Y&L d/b/a SUNDAY JOURNAL, is a Los Angeles, California based print publication, does not do business in Pennsylvania. It has no subscribers in Pennsylvania, does not target businesses or individuals in Pennsylvania, and do not actively sell any products in Pennsylvania.

SUNDAY JOURNAL does have a website (http://sundayjournalusa.com/) but the website has no subscribers in Pennsylvania, does not target businesses or individuals in Pennsylvania, and does not actively sell any products in Pennsylvania. Y&L also does not sell

products in Pennsylvania.

The mere existence of a website, without more, does not subject Y & L or SUNDAY JOURNAL to the jurisdiction of this court in Pennsylvania.

This court's authority to exercise personal jurisdiction in this case is conferred by state law. *Mellon East*, 960 F2d. At 1221, F.R.C.P., Rule 4(e). The extent to which the court may exercise that jurisdiction is governed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Kulko v. Superior Court of California*, 436 U.S. 84, 91, 98 S. Ct. 1690, 1696, 56 L.Ed.2d. 132 (1978).

General jurisdiction allows a court to hear "any and all claims" against a defendant. *Goodyear Dunlop Tires Operations, S .A. v. Brown*, 131 S. Ct. 2846, 2851 (2011 ). In the case of a defendant corporation, the Due Process Clause permits a court to exercise general jurisdiction only when the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Id. (quotation omitted). "The place of incorporation and principal place of business" are the "paradigm bases for general jurisdiction" over a corporation. *Daimler*, 134 S. Ct. at 760 (alteration and quotation omitted).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 131 S. Ct. at 2851 (alteration and quotation omitted). Its exercise is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (quotation omitted). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v.*

*Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.* , 465 U.S. 770, 775 (1984)) (internal quotation omitted).

Pennsylvania's long-arm jurisdiction statute authorizes the court to exercise jurisdiction over non-resident defendants who contract to supply services or things in the Commonwealth. 42 Pa.C.S.A §5322 (a).

Neither Y&L or SUNDAY JOURNAL have not contracted to supply services or things in the Commonwealth.

*Zippo*, at 1124, citing *Bensusan Restaurant Corp. V. King,* 937 F. Supp. 295 (SDNY 1996), noted a passive web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.

*Zippo,* at 1124, went on to state that where a user can exchange information with the host- interactive website, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website.

*Zippo*, now a twenty one year old decision decided at the beginning of the internet era, created a so-called "sliding scale" test which divided websites into three categories (active, passive, and middle ground) , allowing jurisdiction to be based upon where a website fell within those categories.

*Sioux Transportation, Inc. V. XPO Logistics, Inc. et. als*., Arkansas Western District Court, Case No. 5:15-cv-05265, involved alleged defamation from two online posts following a disputed transaction between two companies. Following basic and traditional jurisdictional principles, the court found that Sioux's limited acts in Arkansas, XPO's home state, would not support jurisdiction there.

XPO then cited *Zippo* and argued Sioux's online posts responding to XPO's posts, counted as deliberate contacts with Arkansas that would support jurisdiction.

The *Sioux Transportation* court, at p. 13 of the Order in that case, held it had, " ... difficulty in considering the *Zippo* test in the context of the modern internet" and went on to state that the transmission of computer files over the internet is perhaps no longer an accurate measurement of a website's contact to a forum state.

*Calder v. Jones*, 465 U.S. 783 (1984),  104 S. Ct. 1482; 79 L. Ed. 2d 804; 1984 U.S. LEXIS 41; 52 U.S.L.W. 4349; 10 Media L. Rep. 1401, a Supreme Court case which held that a court within a state could assert personal jurisdiction over the author and editor of a national magazine which published an allegedly libelous article about a resident of that state, and <u>where the magazine had wide circulation in that state</u>. (emphasis supplied)

As previously noted, neither Y&L or SUNDAY JOURNAL have any subscribers in Pennsylvania.

Similarly, in the case of *FireClean, LLC v. Andrew Tuohy*, Case No. 1:16-cv-00294-JCC-MSN, 2016 WL 3952093 (E.D. Va. July 21, 2016), the plaintiff alleged multiple counts of defamation and other claims against the defendant arising from blog posts criticizing plaintiff's product. Plaintiff was a Virginia company and the blog was created in Arizona. The Eastern District of Virginia dismissed the claims for lack of jurisdiction. In its analysis, the *FireClean* court stated the defendant had not purposefully availed himself of doing business in Virginia nor had he established any significant connections with the plaintiff's chosen forum. The mere fact that an online server transmitting a website may be located in Virginia also failed to rise to the level of a purposeful contact. The court held the focus should center on defendant's own contacts

with the forum state, rather than targeting the place where the plaintiff suffered an alleged injury. [ see also *Walden v. Fiore*, 134 S. Ct. 1115, 571 US ____, (2014) ]

*Efford v. Jockey Club*, 796 A2d. 370 (Pa. Super. Ct. 2002) held the maintenance of a website permitting a Pennsylvania user to register a horse online did not suffice to establish general jurisdiction via long-arm statute.

In the instant action, there are insufficient contacts with Pennsylvania for this court to exercise jurisdiction over the defendant and the complaint should be dismissed.

**IV.   SERVICE OF PROCESS IS DEFECTIVE AND/OR NON-EXISTENT**

The service of process in this action is defective such that there is no proper or valid jurisdiction over Y&L or SUNDAY JOURNAL in this action [1].

Specifically, the individual allegedly served is not the proper party for service, nor is she authorized to accept service on behalf of Y&L or the SUNDAY JOURNAL. The owner of the SUNDAY JOURNAL has a designated agent for service [2]. It is not Ms. Watinney Lee. Ms. Lee is

identified on the return of service as a "Director" (not President, Treasurer, or designated agent for service). It is not clear of what she is Director. It is not the SUNDAY JOURNAL.

Neither the President or Treasurer of Y&L, the SUNDAY JOURNAL, its designated agent for service, or the owner of the SUNDAY JOURNAL, have been properly served in this action.

A simple review of the "About Us" tab on the SUNDAY JOURNAL website reveals, in

---

[1] Defendants incorporate by reference their opposition to Plaintiffs' Motion For An Order Allowing Substituted Service of Process, Pursuant To Fed.R. Civ. P. 4(h), filed separately.

[2] See Declaration of Richard Hun Yun, filed previously, and incorporated by reference as if expressly rewritten herein.

pertinent part, the following:

> *"Y & L Media, Inc.*
>
> *The Sunday Journal, USA was established in September 1982. Since its inception the Company has circulated the weekly newspaper to the Korean-American community in the United States, particularly in the Loas Angeles and Orange County area. With an average circulation of 28,000 copies, the Sunday Journal, USA is the largest community weekly publication. At the current rate of growth the company is expected to circulate about 40,000 copies by summer, 2003 with an added coverage in las Vegas, San Francisco, Denver, and Seattle area. Since its first issue, the Company has provided information to the community, and has earned a reputation as the most popular weekly newspaper in the Korean-American community. Readers concur that the contents are consistently informative and beneficial. The Sunday Journal hs long been serving those advertisiers who want to find the most cost effective ways to deliver the exposure. Truly, ad sponsors have found our paper as a unique media vehicle for a long-term build up of the organization's image, and promoting & branding the products*
>
> *Targeted Market Demographics:*
> *The Korean-American population in the United States is estimated at approximately 2,000,000 (Data released byKorean Consulate General in 2002). Over 50% of this population lives in California, with over 600,000 people in the Los Angeles Area."*

The masthead information clearly identifies Y & L Media, Inc. (hereafter, "Y&L") as owner of the SUNDAY JOURNAL.

A review of the online records of the Secretary of State for the State of California identifies the Y&L agent for service as Richard Hun Yun. Mr Yun was designated as the agent for service as far back as 2005. Mr. Yun is still the designated agent for service. Mr. Yun has not been served.

Ms. Watinney Lee is not a Director of SUNDAY JOURNAL, nor is she listed as a Director of Y&L. The service upon Ms. Lee is ineffective service and a fraud on the court..

In the instant action, service of process is defective such that Pennsylvania cannot

properly exercise jurisdiction over the defendants and the FAC should be dismissed.

**V.    THE PLAINTIFFS' ARE PUBLIC AND/OR QUASI-PUBLIC FIGURES, AND PLAINTIFFS' FAILED TO ADEQUATELY PLEAD MANDATORY PRE-REQUISITES FOR ASSERTING LIBEL OR SLANDER OF A PUBLIC OR QUASI-PUBLIC FIGURE**

BANK and SHIN are public and/or quasi-public figures within the Korean community.

*New York Times v. Sullivan*, 376 US 254 (1964), a landmark United States Supreme Court case that established the "actual malice" standard, which has to be met before press reports about public officials can be considered to be libel.  That phrase refers to knowledge or reckless lack of investigation, rather than its ordinary meaning of malicious intent. In his concurring opinion, Justice Black explained, "Malice", even as defined by the Court, is an elusive, abstract concept, hard to prove and hard to disprove. The requirement that malice be proved provides at best an evanescent protection for the right critically to discuss public affairs and certainly does not measure up to the sturdy safeguard embodied in the First Amendment."

*Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967) held that public figures who are not public officials may still sue news organizations if they disseminate information about them which is recklessly gathered and unchecked.

Y&L and SUNDAY JOURNAL assert there was no disregard of the truth, no recklessness and no malice, the facts are true and/or substantially true such that there is no defamation.

As just one example, SHIN has commenced litigation in the courts of the State of New York in connection with the incidents about which he now alleges to have been defamed by SUNDAY JOURNAL (i.e. an altercation and injuries suffered at a karoake bar), including but not limited to, *Shin v. YS2 Enterprises, Inc.*, EDNY, Case No. 1:17-cv-05183-ILG-SMG; and,

*Shin v. MJSS Enterprise, LLC, et. als.*, New York Supreme Court - Queens County, Index No.715088/2017.

In addition, BANK is subject to a Consent Order [ *In the Matter of: NOAH BANK - Federal Deposit Insurance Corporation - Consent Order, FDIC-14-209b* ]. BANK is also the subject of a *qui tam* action [ *Lee v. Noah Bank, Edwdard Shin a/k/a Eung Soo Shin, et. als.*,U.S. District Court of New Jersey (Newark) - Civil Docket # 13-cv-02786-KM-MAH ]t

The *qui tam* Complaint was only recently unsealed on April 27, 2018.

In the instant action, plaintiffs are public or quasi-public figures within the Korean community such that they must allege and prove actual malice in the publication of the alleged defamation. Plaintiffs failed to allege the existence of malice and, consequently, the FAC should be dismissed.

## VI.   PLAINTIFFS' COUNSEL FAILS TO LIST A PENNSYLVANIA ADDRESS FOR SERVICE, WHETHER BONA FIDE OR VIRTUAL, AND LISTS ONLY A NEW YORK ADDRESS

Pennsylvania formerly required attorneys to maintain a bona fide office within the Commonwealth. In 2010, the Pennsylvania Bar Association Committee on Legal Ethics and Professional Responsibility, issued *Formal Opinion 2010-200,* captioned "Ethical Obligations On Maintaining A Virtual Office For The Practice of Law In Pennsylvania".

The Formal Opinion allowed for the use of a Virtual Law Office (VLO) but counsel are still obligated to provide a Pennsylvania address for service.

Plaintiffs' counsel only lists an address located at 1270 Broadway - Suite 305 in New York, New York 10001.

Y&L and SUNDAY JOURNAL contend they are not obligated to serve papers on or

communicate with a New York law office address in connection with a case brought in Philadelphia, Pennsylvania. Y&L and SUNDAY JOURNAL further contend the Plaintiffs' FAC is defective for failing to provide a Pennsylvania address, and must be dismissed.

Plaintiffs' counsel was not admitted to this court at the time Plaintiffs' Complaint was filed. The filing was improper and should be deemed void *ab initio*.

## VII. CONCLUSION

Based upon the facts, law, exhibits, and arguments thereon, as set forth above or incorporated by reference, Y&L and SUNDAY JOURNAL state the Plaintiffs' First Amended Complaint should be dismissed because:

1] The allegedly offending articles are not attached to the First Amended Complaint (FAC), nor any translations of said articles. Plaintiffs' simply list statements they allege to false. Therefore, the FAC is defective and should be dismissed.

2] SUNDAY JOURNAL is not properly subject to the jurisdiction of this court.

3] Y&L is not properly subject to the jurisdiction of this court.

4] Service of process is non-existent and/or defective;

5] The Plaintiffs are public and/or quasi-public figures and have not properly plead mandatory pre-requisites for asserting libel or slander of a public figure or quasi-public figure.

6] Plaintiff's counsel fails to list a Pennsylvania address for service, whether bona fide office or virtual and, instead, lists only a New York address.

7] Plaintiffs' filing was improper and void *ab initio* as Plaintiffs' counsel was not admitted to this court when the Complaint was filed in this action.

**WHEREFORE**: The Defendants, Y & L Media, Inc., and Sunday Journal USA, pray this Honorable Court to dismiss the Plaintiffs' First Amended Complaint in its entirety, together with such other relief as the court deems just and proper.

|  |  |
|---|---|
| DATE:   September 9, 2018 | Respectfully submitted by, |
|  | _____ / s / _____ |
|  | Philip R. Berwish, Esq. |
|  | Berwish Law |
|  | 41 University Drive - Suite 400 |
|  | Newtown, PA 18940 |
|  | PA Bar ID# 28563 |
|  | Tel:    800 547 8717 |
|  | Fax:    888 743 4723 |
|  | Berwish@gmail.com |