THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH BANK, and <br> EDWARD SHIN <br> a/k/a EUNG SOO SHIN <br> <br> Plaintiffs <br> vs. <br> <br> SUNDAY JOURNAL USA CORPORATION, and <br> Y & L MEDIA, INC. <br> <br> Defendants | Civil Action No. 18-01413-WB |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION SEEKING LEAVE FOR SUBSTITUTED SERVICE, PURSUANT TO F.R.C.P., RULE 4(h)**

Now come the Defendants, Sunday Journal USA Corporation (SUNDAY JOURNAL), and Y & L Media, Inc. (Y&L), appearing specially via counsel, and interpose their opposition to the Plaintiffs' motion seeking an Order allowing substituted service, pursuant to F.R.C.P., Rule 4(h). In support hereof, Defendants state the following:

I.   **PLAINTIFFS' CLAIMS OF "DUE DILIGENCE" ARE NOT CREDIBLE AND ARE FALSE, SUCH THAT NO ORDER SHOULD ISSUE**

Plaintiffs premise their motion seeking an order allowing substituted service (hereafter, "Motion") on their claim, or that of their process server, they could not find and were unable to effect service at the office address stated in the Y & L filing with the California Secretary of State. Plaintiffs' agent claims Y&L is no longer at that address.

The address in question is 4201 Wilshire Boulevard, Los Angeles, California 90010. Plaintiffs' claim their agent went to office #604 and found it empty.

Plaintiffs' agent failed to note a sign posted on the door of #604 stating,

"Sunday Journal USA moved to room 333. If you have questions please

come to the office. Thank you."

[Please See EXHIBIT "A")

Apparently Plaintiffs' agent did not go to Room 333. Nor did Plaintiffs' agent inquire at the office of the building manager. [Please See EXHIBIT "B"]

Plaintiffs' agent ignored the building directory which clearly lists Sunday Journal USA being in Room 333, listed in the right hand column of the photograph two lines below the Consulate General of Bangladesh. [Please See EXHIBIT "C"]

The building management office is listed as Room 350, on the bottom of the right hand column pictured, and two lines below the listing for SUNDAY JOURNAL. [EXHIBIT "C"]

None of these intentional oversights rise to the standard of reasonable diligence. Failing to read or intentionally ignoring the building directory is a failure of due diligence. The Plaintiffs' motion should be denied.

II. **PLAINTIFF AND/OR PLAINTIFFS' AGENT HAS PREVIOUSLY MISREPRESENTED SERVICE OF PROCESS TO THIS COURT**

Plaintiffs' previously alleged they had effected service of process upon SUNDAY JOURNAL by service upon one Ms. Watinney Lee, identifying her as a "Director". It was never clear of what entity Ms. Lee was "Director".

None of the documents filed with the California Secretary of States Office mention Ms. Lee in connection with SUNDAY JOURNAL or Y & L. Ms. Lee is not an officer, director or person authorized to accept service on behalf of SUNDAY JOURNAL or Y&L. In fact, Ms. Lee is unknown to the owner of the SUNDAY JOURNAL and the principal of Y&L.

Plaintiffs' agent is unreliable and, apparently, willing to mislead this court as to the person served or their authority to be served. The Plaintiffs' agent has attempted a fraud on the

court. Plaintiffs attempted to premise their jurisdiction over the SUNDAY JOURNAL based upon their agent's defective and misleading service. This not due diligence.

Plaintiffs' agent is unreliable, has not exercised "due diligence", and Plaintiffs' motion should be dismissed.

### III. NEITHER SUNDAY JOURNAL NOR Y&L ARE PROPERLY SUBJECT TO THE JURISDICTION OF THIS COURT

SUNDAY JOURNAL and Y&L have insufficient contacts with Pennsylvania to be properly subject to the jurisdiction of this court. Nor are there systematic or continuous activities,

or other minimum contacts, in the forum state which might otherwise support jurisdiction.

The issue of whether SUNDAY JOURNAL and Y&L are properly subject to the jurisdiction of this court is a threshhold inquiry which should be resolved at the court's earliest opportunity. Without proper jurisdiction, as Defendants contend, there is no need to even consider the need or propriety of substituted service.

Plaintiff's Complaint alleges defamation, which is not a federal question. Plaintiffs make no allegation which constitutes a federal question. Their sole basis for alleging jurisdiction is diversity.

Y&L d/b/a SUNDAY JOURNAL, is a Los Angeles, California based print publication, does not do business in Pennsylvania. It has no subscribers in Pennsylvania, does not target businesses or individuals in Pennsylvania, and do not actively sell any products in Pennsylvania.

SUNDAY JOURNAL does have a website (http://sundayjournalusa.com/) but the website has no subscribers in Pennsylvania, does not target businesses or individuals in Pennsylvania, and does not actively sell any products in Pennsylvania. Y&L also does not sell

products in Pennsylvania.

The mere existence of a website, without more, does not subject Y & L or SUNDAY JOURNAL to the jurisdiction of this court in Pennsylvania.

This court's authority to exercise personal jurisdiction in this case is conferred by state law. *Mellon East*, 960 F2d. At 1221, F.R.C.P., Rule 4(e). The extent to which the court may exercise that jurisdiction is governed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Kulko v. Superior Court of California*, 436 U.S. 84, 91, 98 S. Ct. 1690, 1696, 56 L.Ed.2d. 132 (1978).

General jurisdiction allows a court to hear "any and all claims" against a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011). In the case of a defendant corporation, the Due Process Clause permits a court to exercise general jurisdiction only when the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Id. (quotation omitted). "The place of incorporation and principal place of business" are the "paradigm bases for general jurisdiction" over a corporation. *Daimler*, 134 S. Ct. at 760 (alteration and quotation omitted).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 131 S. Ct. at 2851 (alteration and quotation omitted). Its exercise is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (quotation omitted). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v.*

*Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)) (internal quotation omitted).

Pennsylvania's long-arm jurisdiction statute authorizes the court to exercise jurisdiction over non-resident defendants who contract to supply services or things in the Commonwealth. 42 Pa.C.S.A §5322 (a).

Neither Y&L or SUNDAY JOURNAL have not contracted to supply services or things in the Commonwealth.

*Zippo*, at 1124, citing *Bensusan Restaurant Corp. V. King*, 937 F. Supp. 295 (SDNY 1996), noted a passive web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.

*Zippo*, at 1124, went on to state that where a user can exchange information with the host- interactive website, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website.

*Zippo*, now a twenty one year old decision decided at the beginning of the internet era, created a so-called "sliding scale" test which divided websites into three categories (active, passive, and middle ground), allowing jurisdiction to be based upon where a website fell within those categories.

*Sioux Transportation, Inc. V. XPO Logistics, Inc. et. als.*, Arkansas Western District Court, Case No. 5:15-cv-05265, involved alleged defamation from two online posts following a disputed transaction between two companies. Following basic and traditional jurisdictional principles, the court found that Sioux's limited acts in Arkansas, XPO's home state, would not support jurisdiction there.

XPO then cited *Zippo* and argued Sioux's online posts responding to XPO's posts, counted as deliberate contacts with Arkansas that would support jurisdiction.

The *Sioux Transportation* court, at p. 13 of the Order in that case, held it had, " ... difficulty in considering the *Zippo* test in the context of the modern internet" and went on to state that the transmission of computer files over the internet is perhaps no longer an accurate measurement of a website's contact to a forum state.

*Calder v. Jones*, 465 U.S. 783 (1984), 104 S. Ct. 1482; 79 L. Ed. 2d 804; 1984 U.S. LEXIS 41; 52 U.S.L.W. 4349; 10 Media L. Rep. 1401, a Supreme Court case which held that a court within a state could assert personal jurisdiction over the author and editor of a national magazine which published an allegedly libelous article about a resident of that state, and <u>where the magazine had wide circulation in that state</u>. (emphasis supplied)

As previously noted, neither Y&L or SUNDAY JOURNAL have any subscribers in Pennsylvania.

Similarly, in the case of *FireClean, LLC v. Andrew Tuohy*, Case No. 1:16-cv-00294-JCC-MSN, 2016 WL 3952093 (E.D. Va. July 21, 2016), the plaintiff alleged multiple counts of defamation and other claims against the defendant arising from blog posts criticizing plaintiff's product. Plaintiff was a Virginia company and the blog was created in Arizona. The Eastern District of Virginia dismissed the claims for lack of jurisdiction. In its analysis, the *FireClean* court stated the defendant had not purposefully availed himself of doing business in Virginia nor had he established any significant connections with the plaintiff's chosen forum. The mere fact that an online server transmitting a website may be located in Virginia also failed to rise to the level of a purposeful contact. The court held the focus should center on defendant's own contacts

with the forum state, rather than targeting the place where the plaintiff suffered an alleged injury. [ see also *Walden v. Fiore*, 134 S. Ct. 1115, 571 US ___, (2014) ]

*Efford v. Jockey Club*, 796 A2d. 370 (Pa. Super. Ct. 2002) held the maintenance of a website permitting a Pennsylvania user to register a horse online did not suffice to establish general jurisdiction via long-arm statute.

In the instant action, there are insufficient contacts with Pennsylvania for this court to exercise jurisdiction over the defendant and the complaint should be dismissed.

## IV. CONCLUSION

Based on the forgoing facts, law and arguments thereon, the Plaintiffs' motion seeking an order allowing substituted service should be denied in its entirety.

DATE: September 9, 2018

Respectfully submitted by,

_____/ s /_____
Philip R. Berwish, Esq.
Berwish Law
41 University Drive - Suite 400
Newtown, PA 18940
PA Bar ID# 28563
Tel:   800 547 8717
Fax:  888 743 4723
Berwish@gmail.com

# EXHIBIT "A"

Sunday journal USA moved
to room 333.
If you have questions
please come to the office.
Thank you

EXHIBIT "B"

## AFFADAVIT

I, Regina Cho, the manager of the building located at 4201 Wilshire Bl. in Los Angeles, hereby confirm and verify that Sunday Journal USA has moved from the 6th floor of our building to the suite 333 in March of 2018, and this change of suite was immediately made in our building directory. ~~Therefore, if any person paid attention to the building directory at the entrance, locating the correct suite should not have been a problem~~.

I declare this under penalty of laws of California and the Unites States.

_8/22/18_
Date

_[signature]_
Regina Cho

# EXHIBIT "C"

| | |
|---|---|
| **1** | |
| 112 | CAM DO, DDS | DENTIST |

| | |
|---|---|
| **2** | |
| 206 | GEM COMMUNICATION |
| 207 | THE LAW OFFICE OF ALBERT KING |
| 209 | ADVANCED DENTAL CERAMICS |
| 210 | HIGH QUALITY HOME HEALTH AGENCY, INC. |
| 230 | PR DEPT. |

| | |
|---|---|
| **3** | |
| 300 | CONSULATE GENERAL OF BANGLADESH |
| 309 | SOCIAL VOCATIONAL SERVICES |
| 310 | DIRECTION FOCUS |
| 333 | SUNDAY JOURNAL USA |
| 334 | FAMILY HOME HEALTH CARE INC. |
| 334A | FOUR SEASONS QUALITY HOME HEALTH ARS HEALTH CARE SERVICES |
| 350 | BUILDING MANAGEMENT OFFICE | LEASING |

THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

NOAH BANK, and )
EDWARD SHIN )
a/k/a EUNGSOO SHIN ) Civil Action No. 18-01413-WB
 )
      Plaintiffs )
vs. )
 )
SUNDAY JOURNAL USA CORPORATION )
 )
      Defendant )

## (PROPOSED) ORDER

AND NOW, this _____ day of _____, 2018, upon consideration of the Plaintiffs' Motion For An Order Allowing Substituted Service Of Process Pursuant To Fed. R. Civ.P., 4(h), for the reasons set forth in Defendants' motion(s), the Court concludes that it should deny the Plaintiffs' motion.

Therefore, it is hereby ORDERED, ADJUDGED and DECREED:

1. The Plaintiffs have not established due diligence.

2. Therefore, the Plaintiffs' Motion For An Order Allowing Substituted Service Of Process Pursuant To Fed. R. Civ.P., 4(h) is DENIED.


DATED: _____                                          United States District Judge