**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NOAH BANK and EDWARD SHIN** | ) | |
| | ) | **Civil Action** |
| **Plaintiffs,** | ) | |
| **v.** | ) | **No. 18-1413-WB** |
| | ) | |
| **SUNDAY JOURNAL USA CORPORATION And Y&L MEDIA, INC., d/b/a SUNDAY JOURNAL USA,** | ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

**REPLY MEMORANDUMOF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR ORDER ALLOWING SUBSTITUTED SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(h)**

Plaintiffs, Noah Bank and Edward Shin, by their attorneys, The Basil Law Group, P.C., submit this reply memorandum of law in support of Plaintiffs' motion requesting that this Court enter an Order allowing Plaintiffs to make substituted service upon Defendant Y & L Media, Inc., d/b/a Sunday Journal USA ("Y & L Media") by serving the California Secretary of State with the Summons and Complaint in this matter.

**ARGUMENT**

**I. Defendants' Opposition Should Be Dismissed As Untimely**

Defendants Sunday Journal USA Corporation ("Sunday Journal") and Y & L Media, filed their opposition to Plaintiffs' motion on September 9, 2018. Plaintiffs' motion was filed on July 30, 2018. (Dkt. No. 18). Local Rule 7.1(c) provides, in part, that:

"Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after service of the motion and supporting brief."

Y & L Media's opposition was due on August 13, 2018. Defendant's September 9, 2018 opposition was 27 days late. Moreover, Y & L Media failed to make any argument that its late filing was due to "excusable neglect." Thus, the Court should find that Defendant's opposition was untimely filed.

## II. Y & L Media Fails to Contest the Fact That Its Designated Agent for Service of Process Does Not Reside At the Address Stated in Y & L Media's Filings With the California Secretary of State

Y & L Media argues that Plaintiffs were not diligent in attempting to serve the company's registered agent for service of process, Richard Hun Yun. According to Y & L Media, the address the company stated in its filings with the California Secretary of State for the service of process is 4201 Wilshire Boulevard, #604, Los Angeles, California. That is not the case.

Plaintiffs, in their moving papers, submitted to the Court Y & L Media's Statement of Information with the California Secretary of State on June 8, 2005. (Cohen Declaration, Ex. A). According to the Statement of Information, Richard Hun Yun's address for service of process is listed as 619 S. Citrus Ave., Los Angeles, California. Plaintiffs also submitted Y & L Media's September 12, 2017 Statement of Information filed with the California Secretary of State. In this filing Y & L Media certified that there was "no change in any of the information contained in the last Statement of Information filed with the California Secretary of State." (Cohen Declaration, Ex. B).

Plaintiffs' also submitted an Affidavit of Due Diligence from Plaintiffs' process server, Ronne Johnsen, stating that he went to 619 S. Citrus Ave. and that the address was that of a residence. Mr. Johnsen stated that he spoke to an individual residing at that address, Miles Sheft, and that Mr. Sheft stated that Richard Hun Yun does not reside at the address.

Notably absent from Y & L Media's opposition was any rebuttal to Mr. Johnsen's affidavit that Richard Hun Yun does not reside at the address identified in Y & L Media's filings with the California Secretary of State. Thus, Y & L Media has admitted that its filings with the State of California as to the address of its designated agent for service of process contain false information. Despite this knowledge, Y & L Media has failed to correct its filing. Even after Plaintiffs brought this issue before the Court on July 30, 2018, Y & L Media still has not corrected the false information contained in its filings with the State of California.

This admission is critical to the Court's decision whether to grant Plaintiffs' motion for substituted service. As Plaintiffs pointed out in their moving brief, section 1702(a) of the California Corporation Code provides:

> **If an agent for the purpose of service of process** has resigned and has not been replaced or if the agent designated **cannot with reasonable diligence be found at the address designated for personally delivering the process**, or if no agent has been designated, **and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent by hand** in the manner provided in Section 415.10, subdivision (a) of Section 415.20 or subdivision (a) of Section 415.30 of the Code of Civil Procedure or upon the corporation in the manner provided in subdivision (a), (b) or (c) of Section 416.10 or subdivision (a) of Section 416.20 of the Code of Civil Procedure, the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed by the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Service in this manner is deemed complete on the 10th day after delivery of the process to the Secretary of State.

Cal. Corp. Code §1702(a) (West 2017) (emphasis added).

In this case, the "address designated for personally delivering the process" to Y & L Media is 619 S. Citrus Avenue. Y & L Media does not dispute that its agent for service of

process, Richard Hun Yun, cannot with reasonable diligence be found at the address designated for personally delivering the process; *i.e.*, 619 S. Citrus Ave., Los Angeles. Thus, it is impossible to serve Mr. Yun at the address designated for personal service of process and the Court should grant Plaintiffs' motion.

**III. Y & L Media Has Failed to Submit Any Admissible Facts to Substantiate Its Claim That Plaintiffs' Process Server Did Not Act With Due Diligence**

According to Y & L Media, the address to serve Y & L Media's agent for service of process is 4201 Wilshire Boulevard, #604, Los Angeles, California. As Plaintiffs noted above, this is in direct contradiction to Y & L Media's filings with the State of California. The Wilshire Boulevard address is the address of the Y & L Media's office. It is not the address identified as the agent of the company for service of process.

According to Y & L Media, Plaintiffs' process server was not diligent because he allegedly ignored "a sign posted to the door of #604 stating, 'Sunday Journal USA moved to room 333. If you have questions please come to the office. Thank you.'" Opposition at pp. 1-2, citing Ex. A. Defendants also claim that the building directory lists Sunday Journal USA being in Room 333. Opposition at 2, citing Exhibit C.

These "facts" are purportedly supported by the "affidavit" of Regina Cho. Opposition, Exhibit B. Exhibit B, however, is not an affidavit as Regina Cho's statement was not sworn before a notary public. At the same time, Exhibit B does not meet the requirements under 28 U.S.C. § 1746 as an unsworn declaration. Pursuant to section 1746(2), a declaration executed within the United States has the same force and effect as sworn affidavit if "it is subscribed by him, as true under penalty of perjury, and dated, in substantially the following form . . . . 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.'"

Here, the "affidavit" of Regina Cho reads as follows:

> I, Regina Cho, the manager of the building located at 4201 Wilshire Bl. In Los Angeles, herby confirm and verify that Sunday Journal USA has moved from the 6th floor of our building to the suite 333 in March of 2018, and this change of suite was immediately made in our business directory.
>
> I declare this under penalty of laws of California and the United States.

Regina Cho's affidavit fails to qualify as unsworn declaration under 28 U.S.C. § 1746. Ms. Cho's statement does not state that it is made under "penalty of perjury and that the foregoing is true and correct." "Under 28 U.S.C. § 1746, an unsworn declaration that is dated and signed by the declarant under penalty of perjury has the same force and effect as a sworn affidavit for purposes of any requirement imposed by any federal rule or regulation." *Hughes v. M. Eitner*, 2007 WL 2022088 (E.D. Pa. July 10, 2007), *1. Where the declaration "lacks any mention of the penalty of perjury" it "fails to substantially meet the requirements of 28 U.S.C. § 1746 . . . [and] [a]ccordingly the Court may not properly consider [the] Affidavit." *Id.*

Here, as in *Hughes*, Ms. Cho's affidavit failed to mention the penalty of perjury. It also fails to state that the "foregoing is true and correct." As such, the Court cannot consider Ms. Cho's affidavit.

Defendants' "facts" regarding a purported sign on the door of #604, and the building's updated directory are inadmissible and cannot be considered by the Court. Thus, Defendants have failed to introduce any admissible facts to dispute the due diligence of Plaintiffs' process server. Accordingly, the Court should grant Plaintiffs' pending motion.

**CONCLUSION**

For the reasons set forth above, Plaintiffs Noah Bank and Edward Shin respectfully request that the Court grant Plaintiffs' motion for an Order allowing substituted service of process.

Dated: September 13, 2018

Respectfully submitted,

/s/ David A. Cohen______

David A. Cohen
Pa. I.D. No. 54342
The Basil Law Group, P.C.
1270 Broadway
Suite 305
New York, NY 10001
Phone: (917) 512-3066
davidacohen@rjbasil.com
*Attorneys for Plaintiffs*
*Noah Bank and Edward Shin*