IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NOAH BANK and EDWARD SHIN a/k/a EUNGOSOO SHIN, | ) ) ) | **Civil Action** |
| **Plaintiffs,** | ) ) | |
| v. | ) ) | No. 18-1413-WB |
| SUNDAY JOURNAL USA CORPORATION And Y&L MEDIA, INC., d/b/a SUNDAY JOURNAL USA, | ) ) ) ) ) | |
| **Defendants.** | ) | |

**JOINT REPORT OF RULE 26(F) MEETING AND
PROPOSED JOINT DISCOVERY PLAN**

Pursuant to the Court's Order of August 9, 2018, and Fed. R. Civ. P. 26(f), Plaintiffs' counsel, David A. Cohen, and Defendants' counsel, Philip R. Berwish, conferred on September 13, 2018, and submit to Chambers the following report of their meeting for the Court's consideration:

1. **Pre-Discovery Disclosures.** Plaintiffs provided their Rule 26(a) initial disclosures to Defendants on August 24, 2018. Defendants' Rule 26(a) initial disclosures to Plaintiffs were filed on September 13, 2018.

2. **Discovery Plan**. The parties jointly propose to the Court the following discovery plan:

    a. Discovery will be needed on the following issues:

    (1) Whether the Court has personal jurisdiction over the Defendants;

    (2) Whether Defendants disseminated defamatory statements regarding Plaintiffs;

    (3) The damages suffered by Plaintiffs;

    (4) Defendants' defenses to Plaintiffs' claims;

    (5) All other issues raised by the pleadings;

    (6) Any expert disclosures;

    (7) All other matters that will reasonably lead to the discovery of admissible evidence.

b. The parties disagree on the dates for completion of discovery.

    (1) Plaintiffs submit that the date for completion of all discovery (general and expert) is: **December 14, 2018.**  Reports from retained experts under Rule 26(a)(2) due:

        (a) From Plaintiff by **October 19, 2018**

        (b) From Defendant by **November 19, 2018**

    (2) Defendants contend that completion of discovery should be 90 days from joinder of issue.  Defendants contend that there is no jurisdiction and Defendants should not have to engage in and are not subject to discovery until and unless the court rules against them on the issue of jurisdiction, at which time an answer (joinder) will have to be filed.

        (a) From Plaintiff by **60 days from joinder**

        (b) From Defendant by **90 days from joinder**

c. The parties agree that, in view of the nature of the claims for damages, the parties may need to exceed the standard number of interrogatories or depositions provided for in the Federal Rules of Civil Procedure.

d. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting privilege claims after production. The parties agree to the following procedures for asserting claims of privilege after production:

(1) The parties agree that the inadvertent production of privileged information does not waive or otherwise compromise any applicable privilege or preclude the party from asserting privilege claims after production. The party recalling an inadvertent production shall request in writing the return or destruction of such information and shall, within 10 calendar days of its request, produce a privilege log disclosing all applicable assertions of privilege for the recalled production. Upon receipt of the written request, the recipient party shall comply with the producing party's request to cease review of the inadvertent production and return or destroy the inadvertent production, regardless of whether the recipient party intends to file a motion to compel production of the recalled production, in whole or in part.

(2) The party recalling an inadvertent production shall pay costs of complying with its request, if any, including electronic discovery support staff and paralegal time, but not including attorney time.

**4. Electronic Discovery**. The parties have discussed certain anticipated issues relating to the disclosure or discovery of electronically stored information and report to the Court the following:

a. Relevant information: At this point, the parties are not aware of the full extent of relevant information that may be stored electronically, but have identified the following potential sources of electronically stored evidence that may be relevant to a claim or defense at issue:

(1) Documents and other records stored by Plaintiffs on its computers and servers;

(2) Documents and other records stored by Defendants on Defendants' computers or servers;

(3) Electronic mail (including all electronic attachments) sent to and/or from the Defendants and Plaintiffs and/or decision-makers or employees of the Defendants and Plaintiffs using the parties' e-mail during the relevant time period relating to the incidents at issue;

(4) Any electronically stored information including but not limited to text messages, photos, instant messaging, memoranda (and/or drafts thereof), correspondence (and/or drafts thereof), and social networking communications;

(5) Any other electronically stored information that becomes evident or known during the discovery period and that would fall within the scope of Fed. R. Civ. P. 26 for discovery purposes.

b. <u>Form of production/preservation</u>: The parties agree that the aforementioned discoverable electronically stored information will be produced in the form(s) in which the information is ordinarily and customarily maintained in the usual course of business or, if not reasonably usable in that form, in such other form as is reasonably usable, with the following exceptions: electronic mail should include attachments to the email and indicate whether and to whom the email was a reply or was forwarded. Upon request and if reasonably available, a party will make diligent efforts to produce electronically-stored emails in native format. In addition, upon request and if reasonably available, a party shall make diligent efforts to produce any electronically-stored spreadsheet or database in its native format (*e.g.*, Excel) rather than in a portable document file (pdf) format; all electronically stored documents created by a word processing program are to be produced in the native format, if reasonably available, rather than in portable document file (pdf) format. To the extent any ESI is preserved only in printed form, such ESI may be produced in pdf format. Electronically stored information (ESI) may be

produced on CD ROM and the parties are under no obligation to provide paper copies unless the requesting party agrees to tender payment for such copies at a rate of $.25 per page. The parties further agree that they will undertake a good faith effort to identify relevant electronically stored information and will preserve any such information identified, but the parties agree that the parties will not be required to deviate from their normal records retention policies (as long as their records retention policies are not in violation of state or federal regulations or in violation of any party's obligations to preserve evidence) with respect to electronically stored information or other records which have not been previously identified by the parties as relevant to this action.

5. **Early Settlement or Resolution**.  The parties believe that settlement may be obtained through ADR.  Specifically, the parties submit that a settlement conference before a Magistrate Judge would be useful.  It is agreed that the settlement conference will be scheduled during the discovery period at a time agreeable to the Court and the parties.

6.        **Trial Date.**  This case should be ready for trial by **February 15. 2019**, subject to when and if the issue of jurisdiction is resolved.  Trial is expected to take approximately four (4) days.  A jury trial has been demanded.

                          Respectfully submitted, this 13th day of September, 2018.

                                        /s/ David A. Cohen
                                        THE BASIL LAW GROUP, P.C.
                                        1270 Broadway, Suite 305
                                        New York, NY 10001
                                        Telephone: 917-512-3066
                                        Fax: 831-536-1075
                                        E-Mail: davidacohen@rjbasil.com
                                        Pennsylvania Bar No. 54342

                                        *ATTORNEYS FOR PLAINTIFFS*

                                        /s/ Phillip R. Berwish
                                        BERWISH LAW
                                        41 University Drive - Suite 400
                                        Newtown, PA  18940
                                        Telephone:  800 547 8717
                                        Fax:  888 743 4723
                                        E-Mail: berwish@gmail.com
                                        Pennsylvania Bar No. 28563

                                        *ATTORNEYS FOR DEFENDANTS*