# THE UNITED STATE DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH BANK, and<br>EDWARD SHIN<br>a/k/a EUNG SOO SHIN<br><br>        Plaintiffs<br>vs.<br><br>SUNDAY JOURNAL USA CORPORATION, and<br>Y & L MEDIA, INC.<br><br>        Defendants | Civil Action No. 18-01413-WB |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT

## I.      Background

Defendants seek dismissal of the Plaintiffs' *Second* Amended Complaint (SAM) as Defendants are not properly subject to the jurisdiction of this court in the Commonwealth of Pennsylvania. The Plaintiffs have not alleged sufficient facts to establish proper jurisdiction and the Defendants are not subject to jurisdiction as a matter of law.

Plaintiffs claim jurisdiction based upon diversity, pursuant to 28 U.S.C. § 1332(a)(1). Additionally, Plaintiffs assert jurisdiction based upon their unsupported claim that the allegedly defamatory statements were somehow directed to residents of the Commonwealth of Pennsylvania. [1]

---

[1] The <u>Declaration of Richard Hun Yun</u>, dated June 26, 2018 (at p. 2, ¶ 6), and filed previously (Doc # 13), incorporated by reference, *inter alia*, expressly denies targeting businesses or individuals in Pennsylvania.

Finally, Plaintiffs make an equally unsupported claim that the allegedly defamatory statements caused them harm and they are citizens of the Commonwealth of Pennsylvania. [2]

Plaintiffs, NOAH BANK, a banking institution, (hereafter "BANK") and EDWARD SHIN a/k/a EUNGSOO SHIN, an individual, (hereafter "SHIN") assert residence in Pennsylvania.

BANK has one location in Pennsylvania, two locations in New Jersey and two locations in New York.

The allegedly offending articles discuss events which, mostly, took place in New York, including an altercation involving SHIN and a non-party to this action, for which SHIN has filed suit in the courts of the State of New York alleging damages suffered in New York.

Plaintiffs' cite four Korean language articles and allege [a] defamation (private figure) [b] defamation (public figure) [c] defamation per se, and [d] false light.

The Defendant, Y & L Media, Inc. (hereafter, "Y&L") publishes the SUNDAY JOURNAL USA. SUNDAY JOURNAL USA is a d/b/a of Y&L.

Both Y&L and SUNDAY JOURNAL USA are based in California.

The Defendant, Sunday Journal USA Corporation (hereafter "SUNDAY JOURNAL") was a California corporation. The online business entity registry of the Secretary of State for the State of California shows the SUNDAY JOURNAL USA CORPORATION entity was suspended in May of 2003.

The "About Us" tab on the SUNDAY JOURNAL USA website reveals, in pertinent part,

---

[2] Contrary to Plaintiffs' unsupported claim to have been damaged, on April 17, 2018, the Board of Directors of Noah Bank declared a cash dividend in the amount of 1.25 cents per share, payable on May 1, 2018 to shareholders of record on April 17, 2018. On Feb. 2, 2018, Noah Bank, announced its Board of Directors elected to provide all employees with a one-time $1,500 cash bonus.

the following:

"Y & L Media, Inc.

The Sunday Journal, USA was established in September 1982. Since its inception, the Company has circulated the weekly newspaper to the Korean-American community in the Unites States, particularly in the Los Angeles and Orange County area. With an average circulation of 28,000 copies, the Sunday Journal, USA is the largest community weekly publication. At the current rate of the growth, the company is expected to circulate about 40,000 copies by summer 2003 with an added coverage in Las Vegas, San Francisco, Denver, and Seattle area. Since its first issue, the Company has provided information to the community, and has earned a reputation as the most popular weekly newspaper in the Korean-American community. Readers concur that the contents are consistently informative and beneficial. The Sunday Journal has long been serving for those advertisers who want to find the most cost effective way to deliver the exposure. Truly, the ad sponsors have found our paper as a unique media vehicle for a long-term build-up of the organization's image, and promoting & branding the products.

Targeted Market Demographics:
The Korean-American population in United States is estimated at approximately 2,000,000 (Data released by Korean Consulate General in 2002). Over 50% of this population lives in California, with over 600,000 people in the Los Angeles Area."

Defendants' contend it is clear that the publication is focused on the Los Angeles area,

California, and the west coast where more than half of the Korean-American community resides.

It is equally clear that Defendants' publication does not focus or target Pennsylvania.

The Declaration of Richard Hun Yun, dated June 26, 2018 and filed previously

(Doc # 13), asserts:

"Sunday Journal USA does not do business in the Commonwealth of Pennsylvania. There are no Pennsylvania subscribers to the Sunday Journal USA. Sunday Journal USA does maintain a website (http://sundayjournalusa.com) but does not sell goods or services via the website, and more specifically, does not target businesses or individuals, sell goods or services in Pennsylvania."

The Plaintiffs' *Second* Amended Complaint should be dismissed as the Defendants are

not properly subject to the jurisdiction of this court.

## II.     Standard of Review

'To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l*, 607 F.3d 515, 518 (8th Cir. 2010) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir. 2004))

As a matter of law, Plaintiffs' fail to state sufficient facts to support a reasonable inference that the Defendants can be subjected to jurisdiction within the Commonwealth of Pennsylvania.

*Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 925 F. Supp. 1119, at 1122 (USDC - Western District, PA - 1997) held, "When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper. *Mellon Bank (East) PSFS, N.A. v. Farino*, 960 F2d. 1217, 1233 (3rd. Cir. 1992) (citing *Carteret Savings Bank v. Shushan*, 954 F2d. 141 (3rd. cir. 1992), cert denied 506 U.S. 817, 113 S. Ct. 61, 121 L.Ed. 2d. 29 (1992). The plaintiff meets this burden by making a prima facie showing of "sufficient contacts between the defendant and the forum state." *Mellon East*, 960 F2d. At 1233 (citing *Provident Nat. Bank v. California Fed. Sav. & Loan Assoc.* 819 F2d. 434 (3rd Cir. 1987)

## III.     Defendants Are Not Properly Subject To The Jurisdiction Of This Court

Both Y&L and SUNDAY JOURNAL have insufficient contacts with Pennsylvania to be properly subject to the jurisdiction of this court. Nor are there systematic or continuous activities, or other minimum contacts, in the forum state which might otherwise support jurisdiction.

Plaintiff's Complaint alleges defamation, which is not a federal question. Plaintiffs

make no allegation which constitutes a federal question. Their sole basis for alleging jurisdiction is diversity.

Y&L d/b/a SUNDAY JOURNAL USA, a Los Angeles, California based print publication, does not do business in Pennsylvania. It has no subscribers in Pennsylvania, does not target businesses or individuals in Pennsylvania, and does not actively sell any products in Pennsylvania.

SUNDAY JOURNAL USA does have a website (http://sundayjournalusa.com/) but the website has no subscribers in Pennsylvania, does not target businesses or individuals in Pennsylvania, and does not actively sell any products in Pennsylvania.

The mere existence of a website, without more, does not subject Y&L d/b/a SUNDAY JOURNAL USA to the jurisdiction of this court in Pennsylvania.

This court's authority to exercise personal jurisdiction in this case is conferred by state law. *Mellon*, 960 F2d. At 1221, F.R.C.P., Rule 4(e). The extent to which the court may exercise that jurisdiction is governed by the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution. *Kulko v. Superior Court of California*, 436 U.S. 84, 91, 98 S. Ct. 1690, 1696, 56 L.Ed.2d. 132 (1978).

General jurisdiction allows a court to hear "any and all claims" against a defendant. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011 ). In the case of a defendant corporation, the Due Process Clause permits a court to exercise general jurisdiction only when the defendant's "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State." Id. (quotation omitted). "The place of incorporation and principal place of business" are the "paradigm bases for general

Page 5 of  11

jurisdiction" over a corporation. *Daimler*, 134 S. Ct. at 760 (alteration and quotation omitted).

"Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *Goodyear*, 131 S. Ct. at 2851 (alteration and quotation omitted). Its exercise is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." Id. (quotation omitted). "The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014) (quoting *Keeton v. Hustler Magazine, Inc.* , 465 U.S. 770, 775 (1984)) (internal quotation omitted).

Pennsylvania's long-arm jurisdiction statute authorizes the court to exercise jurisdiction over non-resident defendants who contract to supply services or things in the Commonwealth. 42 Pa.C.S.A §5322 (a).

Y&L d/b/a SUNDAY JOURNAL USA has not contracted to supply services or things in the Commonwealth.

*Zippo*, at 1124, citing *Bensusan Restaurant Corp. V. King*, 937 F. Supp. 295 (SDNY 1996), noted a passive web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction.

*Zippo*, at 1124, went on to state that where a user can exchange information with the host-interactive website, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the website.

*Zippo*, now a twenty one year old decision decided at the beginning of the internet era,

created a so-called "sliding scale" test which divided websites into three categories (active,

passive, and middle ground) , allowing jurisdiction to be based upon where a website fell within

those categories.

*Sioux Transportation, Inc. V. XPO Logistics, Inc. et. als.*, Arkansas Western District

Court, Case No. 5:15-cv-05265, involved alleged defamation from two online posts following a

disputed transaction between two companies. Following basic and traditional jurisdictional

principles, the court found that Sioux's limited acts in Arkansas, XPO's home state, would not

support jurisdiction there.

XPO then cited *Zippo* and argued Sioux's online posts responding to XPO's posts,

counted as deliberate contacts with Arkansas that would support jurisdiction.

The *Sioux Transportation* court, at p. 13 of the Order in that case, held it had, " ...

difficulty in considering the *Zippo* test in the context of the modern internet" and went on to state

that the transmission of computer files over the internet is perhaps no longer an accurate

measurement of a website's contact to a forum state.

*Calder v. Jones*, 465 U.S. 783 (1984),  104 S. Ct. 1482; 79 L. Ed. 2d 804; 1984 U.S.

LEXIS 41; 52 U.S.L.W. 4349; 10 Media L. Rep. 1401, a Supreme Court case which held that a

court within a state could assert personal jurisdiction over the author and editor of a national

magazine which published an allegedly libelous article about a resident of that state, and where

the magazine had wide circulation in that state. (emphasis supplied)

As previously noted, SUNDAY JOURNAL has no subscribers in Pennsylvania.

Similarly, in the case of *FireClean, LLC v. Andrew Tuohy*, Case No. 1:16-cv-00294-JCC-

MSN, 2016 WL 3952093 (E.D. Va. July 21, 2016), the plaintiff alleged multiple counts of

defamation and other claims against the defendant arising from blog posts criticizing plaintiff's product. Plaintiff was a Virginia company and the blog was created in Arizona. The Eastern District of Virginia dismissed the claims for lack of jurisdiction. In its analysis, the *FireClean* court stated the defendant had not purposefully availed himself of doing business in Virginia nor had he established any significant connections with the plaintiff's chosen forum. The mere fact that an online server transmitting a website may be located in Virginia also failed to rise to the level of a purposeful contact. The court held the focus should center on defendant's own contacts with the forum state, rather than targeting the place where the plaintiff suffered an alleged injury. [ see also *Walden v. Fiore*, 134 S. Ct. 1115, 571 US ____, (2014) ]

*Efford v. Jockey Club*, 796 A2d. 370 (Pa. Super. Ct. 2002) held the maintenance of a website permitting a Pennsylvania user to register a horse online did not suffice to establish general jurisdiction via long-arm statute.

In the instant action, there are insufficient contacts with Pennsylvania for this court to exercise jurisdiction over the Defendants and the ***Second*** Amended Complaint should be dismissed.

At minimum, the entity identified as the Defendant, SUNDAY JOURNAL USA CORPORATION, was suspended in May of 2003. SUNDAY JOURNAL USA CORPORATION did not publish the allegedly offending articles. Consequently, it should be dismissed from the instant action.

## IV.    The Plaintiffs Are Public Figures And/Or Quasi-Public Figures, And Have Failed To Adequately Plead Sufficient Facts Pre-Requsite For Alleging Slander

BANK and SHIN are public and/or quasi-public figures within the Korean community.

*New York Times v. Sullivan*, 376 US 254 (1964), a landmark United States Supreme Court case that established the "actual malice" standard, which has to be met before press reports about public officials can be considered to be libel.  That phrase refers to knowledge or reckless lack of investigation, rather than its ordinary meaning of malicious intent. In his concurring opinion, Justice Black explained, "'Malice,' even as defined by the Court, is an elusive, abstract concept, hard to prove and hard to disprove. The requirement that malice be proved provides at best an evanescent protection for the right critically to discuss public affairs and certainly does not measure up to the sturdy safeguard embodied in the First Amendment."

*Curtis Publishing Co. v. Butts*, 388 U.S. 130 (1967) held that public figures who are not public officials may still sue news organizations if they disseminate information about them which is recklessly gathered and unchecked.

Y&L d/b/a SUNDAY JOURNAL USA asserts there was no recklessness and no malice, the facts are true and/or substantially true such that there is no defamation.

As just one example, SHIN has commenced litigation in the courts of the State of New York in connection with the incidents about which he now alleges defamation (i.e. injuries suffered at a karoake bar/salon), including but not limited to, Shin v. YS2 Enterprises, Inc., EDNY, Case No. 1:17-cv-05183-ILG-SMG; and, Shin v. MJSS Enterprise, LLC, et. als., New York Supreme Court - Queens County, Index No.715088/2017.

In addition, BANK is subject to a Consent Order [ In the Matter of: NOAH BANK - Federal Deposit Insurance Corporation - Consent Order, FDIC-14-209b ], and a *qui tam* complaint against BANK was recently unsealed.

These are *facts* that are properly subject to fair comment and relevant reporter's privilege.

In the instant action, plaintiffs are public figures within the Korean community such that they must allege and prove actual malice in the publication of the alleged defamation.

Plaintiffs make a bare, insufficient and unsupported allegation of malice without alleging sufficient facts to establish the existence of malice.

In the instant action, Plaintiffs' bare, insufficient and unsupported allegations of malice fail to overcome the facts (i.e. SHIN's altercation and subsequent litigation in New York, and BANK's Consent Order and *qui tam* action) in a manner that would give rise to a valid and credible allegation of malice. In any event, there is no proper jurisdiction over the Defendants and the *Second* Amended Complaint should be dismissed.

At minimum, the entity identified as the Defendant, SUNDAY JOURNAL USA CORPORATION, was suspended in May of 2003. SUNDAY JOURNAL USA CORPORATION did not publish the allegedly offending articles. Consequently, it should be dismissed from the instant action.

## VII.   CONCLUSION

Based upon the facts, law and arguments thereon, as set forth above, Y&L d/b/a SUNDAY JOURNAL USA and SUNDAY JOURNAL USA CORPORATION state Plaintiffs' *Second* Amended Complaint should be dismissed as Defendants are not properly subject to the jurisdiction of this court;

> **WHEREFORE**: The Defendants, Y & L Media, Inc. d/b/a SUNDAY JOURNAL USA, and Sunday Journal USA Corporation, prays this Honorable Court to dismiss the Plaintiffs' *Second* Amended Complaint in its entirety, together with such other relief as the court deems just and proper.

DATE:   October 17, 2018

Respectfully submitted by,

Philip R. Berwish, Esq.
Berwish Law
41 University Drive - Suite 400
Newtown, PA 18940
PA Bar ID # 28563
Tel:     800 547 8717
Fax:     888 743 4723
Berwish@gmail.com