# THE UNITED STATE DISTRICT COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH BANK, and ) <br> EDWARD SHIN ) <br> a/k/a EUNG SOO SHIN ) <br> ) <br>       Plaintiffs ) <br> vs. ) <br> ) <br> SUNDAY JOURNAL USA CORPORATION, and ) <br> Y & L MEDIA, INC. ) <br> ) <br>       Defendants ) | Civil Action No. 18-01413-WB |

## REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS
## <u>PLAINTIFFS' SECOND AMENDED COMPLAINT</u>

Philip R. Berwish, Esq.
Berwish Law
41 University Drive - Suite400
Newtown, PA 18940
PA Bar ID# 28563
Tel:    800 547 8717
Fax:   888 743 4723
berwish@gmail.com
*Counsel for the Defendants*

# **TABLE OF CONTENTS**

| | | |
|---|---|---|
| TABLE OF AUTHORITIES | | ii-iii |
| I. | Plaintiffs Opposition Should Be Dismissed As Untimely | 1 - 2 |
| II. | The "Jurisdictional Facts" Alleged By The Plaintiffs Are Not Based Upon Personal Knowledge, Are Conclusory, Irrelevant And/Or Insufficient To Establish Proper Jurisdiction Over The Defendants | 2 - 6 |
| III. | Plaintiffs Reliance On Its Case Law Cited Is Misplaced, Inapplicable And Error | 6 - 9 |
| IV. | Declarations Of Edward Shin And Attorney David A. Cohen Are Insufficient | 9 - 10 |
| V. | Conclusion | 10 |

# **TABLE OF AUTHORITIES**

**Cases**

*Bensusan Restaurant Corp. v. King,*
937 F. Supp. 295 (SDNY 1996) ........................................................................... 6

*Calder v Jones,*
465 U.S. 783 (1984), 104 S. Ct. 1482; 79 L. Ed. 2d 804; 1984
U.S. LEXIS 41; 52 U.S.L.W. 4349; 10 Media L. Rep. 1401 ............................ 6, 78

*Davis v. Portline Transportes Maritime Internacional,*
16 F.3d 532, 537 n.6 (3d Cir. 1994) .................................................................. 4, 9

*Friedman v. Israel Labor Party,*
957 F. Supp. 701 (E.D. Pa 1997) ....................................................................... 9

*Green Keepers, Inc. v. Softspikes, Inc.,*
No. 98-2255, 1998 WL 717355, at *3 (E.D. Pa. Sept. 23, 1998) ....................... 3

*Imo Indus., Inc. v. Kiekert AG,*
155 F.3d 254, 259 (3d Cir. 1998) ....................................................................... 7, 8

*Marten v. Godwin*
499 F.3d at 296 (2007) ....................................................................................... 7, 8, 10

*Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n,*
107 F.3d 1026, 1042 (3d Cir. 1997) .................................................................. 2

*McNutt v. Gen. Motors Acceptance Corp.,*
298 U.S. 178, 189 (1936) .................................................................................. 2, 5

*Miller Yacht Sales, Inc. v. Smith,*
384 F.3d 93 (3d Cir. 2004) ................................................................................ 8

*O'Connor v. Sandy Lane Hotel Co., Ltd.,*
496 F.3d 312, 317 (3d Cir.2007) ....................................................................... 7

*Remick v. Manfredy,*
238 F.3d 248 (2001) .......................................................................................... 8

*Sioux Transportation, Inc. V. XPO Logistics, Inc. et. als.,*
Arkansas Western District Court, Case No. 5:15-cv-05265 .............................. 6

*Vizant Technologies, LLC v. Whitchurch*,
97 F.Supp. 3ed. 618 (2015)                                                    7

*World-Wide Volkswagen*,
444 U.S. at 297, 100 S.Ct. 559 (1980)                                         8

*Zippo Manufacturing Company v. Zippo Dot Com, Inc.*,
925 F. Supp. 1119 (USDC - Western District, PA - 1997)                        6

**Statutes**

42 Pa.C.S.A §5322 (a)                                                         4

**Rules**

Local Rule 7.1 ( c )                                                          1

Fed. R. Civ. P 56.                                                            2

Fed. R. Civ. P. 12 (b)(2)                                                     9

THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH BANK, and )<br>EDWARD SHIN )<br>a/k/a EUNG SOO SHIN )<br>)<br>    Plaintiffs )<br>vs. )<br>)<br>SUNDAY JOURNAL USA CORPORATION, and )<br>Y & L MEDIA, INC. )<br>)<br>    Defendants ) | Civil Action No. 18-01413-WB |

**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT**

Defendant, Y & L Media, Inc., d/b/a Sunday Journal USA (Y&L and SUNDAY JOURNAL, respectively), via counsel, submit this reply memorandum of law in further support of <u>Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint</u>. The Plaintiffs', Noah Bank (BANK) and Edward Shin (SHIN), after being granted jurisdictional discovery, have failed to establish facts to support proper, lawful, and valid jurisdiction over the Defendants by the Commonwealth of Pennsylvania. Plaintiffs' second amended complaint should be dismissed.

**I. Plaintiffs' Opposition Should Be Dismissed As Untimely**

The <u>Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint</u> was filed on October 17, 2018, with a response due on October 31, 2018. Instead, Plaintiffs' Opposition was filed twenty-one days later on November 7, 2018, a week after the opposition filing was due pursuant to Local Rule 7.1 ( c ), which reads, in pertinent part, as follows:

> (c) Unless the Court directs otherwise, any party opposing the motion shall serve a brief in opposition together with such answer or other response that may be appropriate, within fourteen (14) days after

Page 1 of 10

> service of the motion and supporting brief. In the absence of timely response, the motion may be granted as uncontested except as provided under Fed. R. Civ. P 56.

Plaintiffs neither sought nor secured an extension of time in which to file their pleading. Defendants' motion should be granted as uncontested.

**II.   The "Jurisdictional Facts" Alleged By The Plaintiffs Are Not Based Upon Personal Knowledge, Are Conclusory, Irrelevant And/Or Insufficient To Establish Proper Jurisdiction Over The Defendants**

The plaintiff bears the burden of demonstrating facts that support personal jurisdiction . . , courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.' *Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). Plaintiffs' were afforded jurisdictional discovery.

The plaintiff must allege in his pleading the facts essential to show jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

The supposed "Jurisdictional Facts" set forth by Plaintiffs in their Opposition, filed after their jurisdictional discovery, fail to establish proper and lawful jurisdiction over the Defendants.

For example, the fact there is a Korean speaking population in Pennsylvania does not create jurisdiction, nor does it validate the claimed inference or unsupported allegation that the allegedly offending articles were directed to or targeted to Pennsylvania (Plaintiff Memo, pp. 3-4; ¶8 -9). The bare unsupported allegation is contradicted by the <u>Declaration of Richard Hun Yun</u>, dated June 26, 2018 (at p. 2, ¶ 6), and filed previously (Doc # 13), incorporated by reference, *inter alia*, expressly denying targeting businesses or individuals in Pennsylvania.

There are Korean speaking populations in other states as well. More specifically, there is a Korean speaking population in California, New York and New Jersey. Many, if not all, of the

incidents reported on by the allegedly offending articles reference SHIN and BANK activities in the State of New York. Despite Plaintiffs' unsupported allegation, there is nothing to indicate that the allegedly offending articles were directed to Pennsylvania rather than New Jersey, New York, or elsewhere.

SHIN's arrest in New York and litigation SHIN filed in New York in connection therewith are matters of public record and, as such, are not defamatory. SHIN does not contest these events took place in New York

BANK being subject to a Consent Order and a Qui Tam action, unsealed in New York, are matters of public record and, as such, are not defamatory. BANK does not contest the existence of the Consent Order or of the Qui Tam action.

The purported "Jurisdictional Facts" alleges "[T]he impact of of the Sunday Journal articles was felt almost immediately in Pennsylvania **and elsewhere**". (emphasis supplied) (Plaintiff Memo, p. 7; ¶237). Plaintiff ignores the significance of "elsewhere", and especially the focus of the articles on events in New York. The fact of "elsewhere" negates the contention any articles were directed to Pennsylvania.

Plaintiffs go on to allege that a non-party individual identified as Dong Hyun Lee ("Dong Lee") _**"likely"**_ provided the author of the articles with content (Plaintiff Memo, pp. 6-7; ¶29-35). These allegations are supposition, not facts based upon personal knowledge, are mere speculation, argumentative and irrelevant to the issue of jurisdiction.

Plaintiffs submit no credible or admissable evidence because it is not based on first-hand knowledge. See *Green Keepers, Inc. v. Softspikes, Inc.*, No. 98-2255, 1998 WL 717355, at *3 (E.D. Pa. Sept. 23, 1998) (concluding that "where the affidavits or other evidence submitted by

the plaintiffs is inadmissible, incompetent, or untrustworthy, such as when an affidavit is not based on personal knowledge but instead inadmissible hearsay, the evidence "fails to satisfy plaintiff's burden of showing that personal jurisdiction is proper") (citing *Davis v. Portline Transportes Maritime Internacional*, 16 F.3d 532, 537 n.6 (3d Cir. 1994))

Assuming, *solely arguendo*, Mr. Lee had provided information to the articles' author, it would not establish jurisdiction, and Mr. Lee is not a defendant in this action.

The Plaintiffs engage in further speculation when they allege SUNDAY JOURNAL's failure to post all of its articles on its website supports the inference the articles were directed to Pennsylvania, claiming that if the articles were not directed to California they must have been directed to Pennsylvania because the Sunday Journal intends Korean speaking individuals to read the on-line version (Plaintiff Memo, p. 13).

Plaintiffs' argument can only be characterized, generously, as nonsense. Of course the SUNDAY JOURNAL intends Korean speaking people to read. It is written in the Korean language. More than 50% of Korean Americans live on the west coast. The SUNDAY JOURNAL can just as easily be read in Korea or anywhere there is internet access.

The decision not to post all of the articles in the print edition to the website is not equivalent to directing the publication to Pennsylvania where SUNDAY JOURNAL has no subscribers, no continuing contacts, and more specifically, does not target businesses or individuals, or sell goods or services in Pennsylvania via the website, as is required by statute to establish jurisdiction (42 Pa.C.S.A §5322 (a)). The failure to post all of the print articles to the website can be for any number of reasons (editorial, technical, etc.), and Plaintiffs have alleged no valid, credible or admissible fact, based on personal knowledge, regarding the Defendants'

intent. The alleged inference is speculation and not fact. The mere existence of a website, without more, does not subject Y&L d/b/a SUNDAY JOURNAL USA to the jurisdiction of this court in Pennsylvania.

The purported "Jurisdictional Facts" allege Pennsylvania shareholders and others made "statements" to the Plaintiffs regarding the articles (Plaintiff Memo, pp. 7-8; ¶39 -43). The individuals are not identified. Plaintiffs do not state whether individuals in New Jersey and New York (where the activities reported on took place) or elsewhere made similar statements to Plaintiffs. Nor do they specify the numbers of individuals or dollar amounts allegedly in controversy. Plaintiffs improperly fail to plead the amount in controversy and bear the burden of proof of the jurisdictional amount and the basis therefor. *McNutt,* 298 at 189.

Contrary to Plaintiffs' unsupported claim to have been damaged, on April 17, 2018, the Board of Directors of BANK (whose shares are not publicly traded) declared a cash dividend in the amount of 1.25 cents per share, payable on May 1, 2018 to shareholders of record on April 17, 2018. On Feb. 2, 2018, BANK, announced its Board of Directors elected to provide all employees with a one-time $1,500 cash bonus. Moreover, any damages as may exist (the existence of which is not conceded herein) are just as likely to be the result of SHIN's very public arrest in a bar, the BANK's Consent Order and the Qui Tam action.  The speculative "Jurisdictional Facts" equally supports such a conclusion as that presumed by the Plaintiffs.  The purported "Jurisdictional Facts" are insufficiently specific and fail to establish jurisdiction.

On an unrelated matter and contrary to Plaintiffs assertion (Plaintiffs Memo, p. 11, footnote 1), Defendants did not neglect to serve jurisdictional discovery as they were not provided the opportunity to serve Plaintiffs with jurisdictional discovery. See Scheduling Order,

dated 9/21/2018 (Doc # 29).

### III. Plaintiffs Reliance On Its Case Law Cited Is Misplaced, Inapplicable And Error

Plaintiffs do not allege general jurisdiction but claim specific jurisdiction under either the "traditional" specific jurisdiction test or the "effects test" (Plaintiff Memo, p. 9, line 20-22). Plaintiffs err. The predicates for each of the jurisdictional claims do not exist and Plaintiffs claim must fail. There are insufficient contacts between Pennsylvania and the Defendants.

Plaintiffs rely heavily upon *Calder v Jones*, 465 U.S. 790 (1984), a pre-internet case, which is inapplicable in this action. *Zippo Manufacturing Company v. Zippo Dot Com, Inc.*, 925 F. Supp. 1119 (USDC - Western District, PA - 1997), at 1124, citing *Bensusan Restaurant Corp. v. King,* 937 F. Supp. 295 (SDNY 1996), noted a passive web site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. *Zippo*, now a twenty one year old decision decided at the beginning of the internet era, was followed by *Sioux Transportation, Inc. V. XPO Logistics, Inc. et. als.*, Arkansas Western District Court, Case No. 5:15-cv-05265, which involved alleged defamation from two online posts following a disputed transaction between two companies, and held it had, " ... difficulty in considering the *Zippo* test in the context of the modern internet" and went on to state that the transmission of computer files over the internet is perhaps no longer an accurate measurement of a website's contact to a forum state.

*Zippo* and *Sioux Transportation* were decided well after the 1984 case of *Calder v. Jones*, 465 U.S. 783 (1984), 104 S. Ct. 1482; 79 L. Ed. 2d 804; 1984 U.S. LEXIS 41; 52 U.S.L.W. 4349; 10 Media L. Rep. 1401, a Supreme Court case which held a court within a state could assert personal jurisdiction over the author and editor of a national magazine which published an

allegedly libelous article about a resident of that state, and where the magazine had wide circulation in that state.

The instant action does not present a similar fact pattern. SUNDAY JOURNAL is not a national magazine with wide circulation, and has no subscribers in Pennsylvania.

The so-called effects test, set forth in *Calder*, a pre-internet case, is inapplicable in this action. The 3 part test requires the defendant expressly aimed tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

Plaintiffs also rely upon *Vizant Technologies, LLC v. Whitchurch*, 97 F.Supp. 3ed. 618 (2015). Plaintiffs reliance is misplaced.

The *Vizant* court held that, in general, a district court analyzing its specific jurisdiction over a particular claim must conduct a three-part inquiry. *Marten v. Godwin* 499 F.3d at 296 (2007) (citing *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir.2007)). First, the court asks whether the defendant "purposefully directed his activities at the forum." Id. (internal citation omitted). Second, the court determines whether the plaintiff's claim "arise[s] out of or relate[s] to at least one of those specific activities." Id. (internal citation omitted). Third, and finally, "courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comport[s] with fair play and substantial justice." Id. (internal citation omitted). This "traditional" test of specific jurisdiction, and specifically its "purposeful direction" prong, is closely linked to a defendant's minimum contacts with a forum and whether these contacts are sufficient to make the exercise of jurisdiction consistent with due process. See id. at 297; see also *Imo Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998).

A defendant's conduct is "expressly aimed" at the forum when "the defendant knew that

the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and [when the plaintiff can] point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Imo Indus., Inc.*, 155 F.3d at 266. *Calder's* test, in other words, is not necessarily satisfied by the "mere allegation that the plaintiff feels the effect of the defendant's tortious conduct in the forum because the plaintiff is located there." Id. A plaintiff seeking to satisfy *Calder's* analysis must "point to other actions that adequately demonstrate that the defendants targeted (or `expressly aimed' their conduct at) the forum." Id.

The *Calder* test need only be invoked when a district court finds that a defendant lacks sufficient minimum contacts under the traditional test. Id.; see also *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93 (3d Cir. 2004), at 108 (Scirica, J., dissenting).

The traditional test for specific jurisdiction and *Calder's* "effects" test, however, are "cut from the same cloth." *Marten*, 499 F.3d at 297. The two inquiries share a common touchstone: in order for a court to exercise personal jurisdiction over a defendant, that defendant's "conduct and connection with the forum State [must be] such that he should reasonably anticipate being haled into court there." Id. (quoting *World-Wide Volkswagen*, 444 U.S. at 297, 100 S.Ct. 559).

When a district court's personal jurisdiction over a defendant for a defamation claim is in dispute, "where defendants aimed their defamatory statements is jurisdictionally significant." *Marten*, at 298 (citing *Remick v. Manfredy*, 238 F.3d 248 (2001), at 259). Absent allegations of "specific facts showing a deliberate targeting of Pennsylvania," we cannot exercise personal jurisdiction of this claim. See id.

Plaintiffs have failed to show specific facts showing deliberate targeting of Pennsylvania. Defendants submit they [1] lack sufficient minimum contacts under the traditional test, and [2]

did not target any allegedly defamatory statements to Pennsylvania, such that they are not subject to jurisdiction under the effects test.

Consequently, there is no valid specific personal jurisdiction over the Defendants by Pennsylvania in connection with the Plaintiffs' claims.

Plaintiffs' reliance on *Friedman v. Israel Labor Party*, 957 F. Supp. 701 (E.D. Pa 1997) is equally misplaced. *Friedman* dealt with alleged defamation publication by the Globe Newspaper Company and the Jerusalem Post. The case dealt with the Fair Report Privilege regarding government records and public proceedings, and extended protection to report of foreign government proceedings. The *Friedman* court also discussed public policy considerations which, in part, protected media defendants, especially smaller ones. Unlike the Defendants, the Globe had regular subscribers in the forum state. Nevertheless, the *Friedman* defendants were granted summary judgment and the case dismissed. The Friedman case is inapplicable to the instant action.

## IV.   Declarations Of Edward Shin And Attorney David A. Cohen Are Insufficient

The declarations of SHIN and attorney David Cohen are insufficient to establish jurisdiction over the Defendants. The declarations fail to demonstrate "specific facts showing a deliberate targeting of Pennsylvania". The declarations and exhibits submitted by the plaintiffs is inadmissible, incompetent, or untrustworthy, The declarations not based on personal knowledge but instead inadmissible hearsay. The declarations fail to satisfy plaintiffs' burden of showing that personal jurisdiction is proper. (citing *Davis v. Portline Transportes Maritime Internacional*, 16 F.3d 532, 537 n.6 (3d Cir. 1994))

When a defendant moves to dismiss a claim under Rule 12(b)(2), the plaintiff bears the

burden of showing that personal jurisdiction exists. *Marten v. Godwin*, 499 F.3d 290 (3d Cir. 2007), 295-296. Plaintiff must allege "specific facts" rather than vague or conclusory assertions. *Marten*, at 298. Plaintiffs have failed to allege specific and sufficient facts.

## V.     Conclusion

A court may not exercise personal jurisdiction over a non-resident defendant unless there are certain minimum contacts between the defendant and the forum. It must have purposefully availed itself of the privilege of acting within the forum state. Defendants have not purposefully acted or directed any actions to or within Pennsylvania.

Defendants incorporate by reference their previously filed Motion To Dismiss Plaintiffs' Second Amended Complaint, and Memorandum filed in support Defendants also incorporate by reference the Affidavit of Hun Yun, filed separately herewith.

Based on the facts, law and arguments thereon, set forth above, Defendants' motion to dismiss should be granted.

DATE:   November 13, 2018

*Counsel for the Defendant*

Philip R. Berwish, Esq.
Berwish Law
41 University Drive - Suite400
Newtown, PA 18940
PA Bar ID# 28563
Tel:    800 547 8717
Fax:    888 743 4723
Berwish@gmail.com