THE UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOAH BANK, and <br> EDWARD SHIN <br> a/k/a EUNG SOO SHIN <br><br> Plaintiffs <br> vs. <br><br> SUNDAY JOURNAL USA CORPORATION, and <br> Y & L MEDIA, INC. <br><br> Defendants | Civil Action No. 18-01413-WB |

## AFFIDAVIT OF HUN YUN

Now comes HUN YUN, an individual and a citizen of the State of California, who deposes and says the following:

1] I am HUN YUN, the President of Y & L Media, Inc., d/b/a Sunday Journal USA. I make this declaration based upon my personal knowledge of the facts and circumstances relating hereto, except where indicated to be based upon information and belief. Where based upon information and belief, I believe the same to be true.

2] I have read the following pleadings:

  [a] Plaintiffs' Memorandum of Law In Opposition To Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint Or, In The Alternative, To Transfer This Case Pursuant To 28 USC 1406(a) To The US District Court for the Central District of California;

  [b] Declaration of Edward Shin In Support of Plaintiffs' Opposition To Defendants' Motion To Dismiss;

  [c] Declaration of David A. Cohen In Support of Plaintiffs' Opposition To Defendants' Motion To Dismiss Second Amended Complaint;

3] I have also read <u>Defendants' Motion To Dismiss Plaintiffs' Second Amended Complaint,</u>

the Memorandum filed in support of the motion to dismiss, and the Reply filed in response to Plaintiffs' Opposition.

4] I verify the facts set forth in Defendants' pleadings.

5] I dispute the conclusory allegations made by the Plaintiffs. Y & L Media, Inc., d/b/a Sunday Journal USA has not targeted or directed its operation in any way to Pennsylvania.

6] I reiterate that Y & L Media, Inc., d/b/a Sunday Journal USA does not do business in the Commonwealth of Pennsylvania, nor does it have subscribers in Pennsylvania. We do not sell or solicit business in Pennsylvania. It is my understanding that simply having a website does not confer jurisdiction over Y & L Media, Inc., d/b/a Sunday Journal USA by the Commonwealth of Pennsylvania.

7] Attorney Cohen's Declaration is misleading. For example, Exhibit "A", the Articles of Incorporation of Sunday Journal USA Corporation fails to note that the company was suspended by the State of California for failing to file annual reports. Sunday Journal USA is presently a d/b/a of Y & L Media, Inc.

8] Cohen's Declaration at Exhibit "B" is equally misleading. The fact Korean Americans reside in Pennsylvania is irrelevant and related only to Plaintiffs conclusory allegations. Cohen identified no fact to support the claim SUNDAY JOURNAL was directed to Pennsylvania. By Mr. Cohen's logic the same articles could be said to have been directed to New Jersey, New York, or elsewhere. Cohen's Declaration fails to identify a jurisdictional discovery response with which to factually establish jurisdiction.

9] The Declaration of Edward Shin claims BANK has always enjoyed an excellent reputation, completely disregarding the Consent Order and the pending Qui Tam action. SHIN is

simply not credible.

10] SHIN alleges he often works in Pennsylvania but makes no mention of BANK operations in New Jersey and New York.

11] SHIN alleges people spoke to him about the contents of the articles. He does not state whether they inquired about the Consent Order, the Qui Tam action, his altercation in a bar in New York, his arrest in New York, or his injuries arising from the altercation. SHIN does not allege facts sufficient to establish jurisdiction.

12] SHIN alleges stock prices fell due to the articles but it is conclusory and mere speculation, without specificity as to the dates and amounts of the stock prices, nor the current stock price, and whether the purported fall in stock prices related to the Consent Order, the Qui Tam action, his altercation in a bar in New York, his arrest in New York, or his injuries arising from the altercation. SHIN does not allege facts sufficient to establish jurisdiction.

13] SHIN alleges the effect of the articles caused BANK to lose out on a favorable merger. It is conclusory and mere speculation, without specificity, as to the details of the proposed merger, the reasons given for the failure of the merger to go through (who said what and was there a signed agreement for such a merger), and whether the purported failure of the merger related to the Consent Order, the Qui Tam action, his altercation in a bar in New York, his arrest in New York, or his injuries arising from the altercation. SHIN does not allege facts sufficient to establish jurisdiction.

14] Based upon the Defendants' Motion, Memorandum and Reply, and the failure of Plaintiffs' to allege credible and admissible facts, Plaintiffs' Second Amended Complaint should be dismissed.

15]     Plaintiffs' request to transfer the case should be denied as untimely (effectively, its an entirely new motion), and not being in the interests of justice. Plaintiffs' had the opportunity to transfer the case earlier this year but, instead, chose to contest the Defendants' claim of lack of jurisdiction in Pennsylvania, attempting to coerce Defendants to incur additional costs to litigate thousands of miles away from their place of business. The Defendants should not be penalized by Plaintiffs choices. The running of the statute of limitations was forseeable, yet Plaintiffs wilfully elected to pursue their baseless claim to jurisdiction in Pennsylvania.

**SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 14th DAY OF NOVEMBER, 2018**

_____         NOV/14/2018
Hun Yun

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California, County of Los Angeles
Subscribed and sworn to (or affirmed) before me on this 14th day of NOV, 2018 by Hun Yun, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Joung Hee Kim



JOUNG HEE KIM
COMM. #2135426
Notary Public - California
Los Angeles County
My Comm. Expires Dec. 30, 2019